IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH THOMPSON, )<br>           )<br>     Plaintiff, )<br>           )<br>v.         )<br>           )<br>           )<br>BARBOUR COUNTY SHERIFF'S )<br>DEPARTMENT, et al., )<br>           )<br>     Defendants. ) | CIVIL ACTION NO. 2:08-CV-931-TMH<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Joseph Thompson ["Thompson"], an inmate confined in the Barbour County Jail, alleges jail officials have denied him adequate medical treatment for various health conditions. Thompson names the Barbour County Sheriff's Department as a defendant in this cause of action.

Upon review of the complaint, the court concludes that Thompson's claims against the Barbour County Sheriff's Department are due to be dismissed prior to service pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

A county sheriff's department "is not a legal entity and, therefore, is not subject to

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Barbour County Sheriff's Department are due to be summarily dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Barbour County Sheriff's Department be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Barbour County Sheriff's Department be dismissed as a defendant in this cause of action.

3.  This case, with respect to the plaintiff's claims against defendants Upshaw and Ingram, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before December 28, 2008 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of December, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE